**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF CONNECTICUT**

-------------------------------------------------------------------X

DAMIEN BAGLEY, GEOFFREY KATULKA, and    :
NICOLE MESSECK, on behalf of themselves and all :
others similarly situated,          :

                :  **Civ. Action No.:**

        **Plaintiffs,**    :

                :

      -against-      :

                :

MAINE FISH MARKET RESTAURANT, INC. d/b/a :  **November 20, 2017**
MAINE FISH MARKET and NICHOLAS VAMVILIS, :

                :

       **Defendants.**   :

-------------------------------------------------------------------X

<u>**COLLECTIVE AND CLASS ACTION COMPLAINT**</u>

**I.  NATURE OF CASE**

1.  This action is brought to recover unpaid minimum wages, misappropriated tips, unlawful deductions and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 *et seq.* ("CMWA") for Plaintiffs Damien Bagley, Geoffrey Katulka, and Nicole Messeck, and all similarly situated persons (*i.e.* servers) who work or have worked at Maine Fish Market Restaurant, Inc. d/b/a Maine Fish Market within the statutory period.

2.  Maine Fish Market is a seafood restaurant and bar located in East Windsor, Connecticut. It is family owned and has served traditional New England seafood for over thirty years.

3.  Defendants established and imposed an unlawful tip pool upon servers at Maine Fish Market by requiring them to pay a percentage of their earned gratuities back to the restaurant. Because Defendants established the illegal tip-pooling scheme they are not entitled to

reduce the server's minimum wage rate by applying the tip credit allowance, and have deprived the servers of their statutory minimum wages under the FLSA and the CMWA.

4.      Servers are also required to buy uniforms bearing the restaurant's logo from Defendants, and are not reimbursed for this cost.

5.      Maine Fish Market additionally has a policy of requiring servers and bartenders to pay the cost of unpaid bills due to customer walkouts.

6.      Plaintiffs allege, on behalf of themselves individually and all other similarly situated current and former non-exempt employees of Defendants who elect to opt into this action, that they are entitled to: (i) compensation for unpaid minimum wages and unlawful deductions; and (ii) liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, the CMWA, Connecticut Common Law, and Conn. Gen. Stat. § 52-564.

## II.     JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to        29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Maine Fish Market is located within the State of Connecticut.

## III.    THE PARTIES

9.      Plaintiff Damien Bagley ("Bagley") is an adult individual residing in Enfield, Connecticut.  Bagley was employed by Defendants from 2008 through July 2017.  Bagley worked as a server at Maine Fish Market.

2

10.     Plaintiff Geoffrey Katulka ("Katulka") is an adult individual residing in Suffield, Connecticut.  Katulka has worked for Defendants from 2012 through the present.  Katulka works as a server at Maine Fish Market.

11.     Plaintiff Nicole Messeck ("Messeck") is an adult individual residing in Enfield, Connecticut.  Messeck was employed by Defendants from April 2016 through June 2017. Messeck worked as a server at Maine Fish Market.

12.     Defendant Maine Fish Market Restaurant, Inc. is a Connecticut corporation that owns and operates Maine Fish Market.

13.     At all times relevant to this action, Maine Fish Market Restaurant, Inc. has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14.     During the relevant period, Maine Fish Market Restaurant, Inc. has had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15.     During the relevant period Maine Fish Market Restaurant, Inc. has had an annual gross volume of sales in excess of $500,000.

16.     Defendant Nicholas Vamvilis ("Vamvilis") is sued individually in his capacity as an owner, officer and/or agent of Maine Fish Market.

17.      Vamvilis exercises sufficient control over Maine Fish Market's operations to be considered Plaintiffs' employer under the FLSA and CMWA.

18.     Vamvilis oversees employee activities whenever he is present in the restaurant.

19.    Vamvilis exercises authority regarding the managerial and administrative practices at Maine Fish Market and is the final decision-maker regarding all policy changes and pay practices.

## IV.    COLLECTIVE ACTION ALLEGATIONS

20.    The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and all similarly situated employees (*i.e.* servers) who work or have worked at Maine Fish Market during the statutory period and elect to opt-in to this action (the "FLSA Collective").

21.    The FLSA Collective consists of approximately sixty similarly situated current and former employees of Maine Fish Market, who, over the last three years have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them wages due under the FLSA.

22.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. Defendants apply the same employment policies, practices, and procedures to all non-exempt employees. This policy and pattern or practice includes, *inter alia*, the following:

        a.    failing to pay servers the minimum wage for all hours worked;

        b.    failing to provide servers with wage notices as required by law;

        c.    depriving servers of tips that they earned; and

        d.    failing to reimburse servers for the cost of purchasing uniform items and covering unpaid customer bills.

23.    Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and CMWA.

24.    Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

25.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## V.    CMWA CLASS ACTION ALLEGATIONS

26.    The claims in this Complaint arising out of the CMWA are brought by Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All current and former servers of Maine Fish Market between November 17, 2015 and the date of the final judgment in this matter (the "CMWA Rule 23 Class").

27.    Excluded from the CMWA Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the CMWA Rule 23 Class.

28.    The members of the CMWA Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the CMWA Rule 23 Class is at least fifty individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

29.    Defendants have acted or have refused to act on grounds generally applicable to the CMWA Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CMWA Rule 23 Class as a whole.

30.    Common questions of law and fact exist as to the CMWA Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

      a.  whether Defendants failed to pay Plaintiffs and the CMWA Rule 23 Class minimum wages for all hours worked;

      b.  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the CMWA Rule 23 Class, and other records required by the CMWA;

      c.  whether Defendants unlawfully retained tips belonging to Plaintiffs and the CMWA Rule 23 Class;

      d.  whether Defendants unlawfully required that Plaintiffs and the CMWA Rule 23 Class make out-of-pocket payments to cover overhead expenses;

      e.  whether Defendants failed to furnish Plaintiffs and the CMWA Rule 23 Class with proper wage notices, as required by the CMWA;

      f.  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

      g.  the nature and extent of class-wide injury and the measure of damages for those injuries.

31.     The claims of Plaintiffs are typical of the claims of the CMWA Rule 23 Class they seek to represent. Plaintiffs and all of the CMWA Rule 23 Class work, or have worked, for Defendants as servers at Maine Fish Market. Plaintiffs and the CMWA Rule 23 Class enjoy the same statutory rights under the CMWA, including to be properly compensated for all hours worked at the proper minimum wage rate. Plaintiffs and the CMWA Rule 23 Class have all sustained similar types of damages as a result of Defendants' failure to comply with the CMWA. Plaintiffs and the CMWA Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

32.     Plaintiffs will fairly and adequately represent and protect the interests of the CMWA Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the CMWA Rule 23 Class.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The CMWA Rule 23 Class have been damaged and are entitled to

recovery as a result of Defendants' violations of the CMWA, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual CMWA Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## VI.     THE LAW REGARDING "TIPPED EMPLOYEES"

35.     The FLSA and CMWA allow employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages provided that they meet certain requirements including, *inter alia*, allowing them to keep all the tips that they earn, and keeping segregated time records indicating the time worked doing tipped service work (payable at the tipped minimum wage) versus non-tipped work (payable at the full minimum wage).

36.     The FLSA and CMWA permit employees to participate in a "tip pool" where tipped employees pool all of their tips together and then redistribute them amongst themselves as they choose. The tip pool is unlawful, however, when the employer retains a portion of the tips.

37.     A restaurant employer in Connecticut who satisfies certain requirements may take a tip credit of up to 36.8% of the full statutory minimum wage per hour worked by a tipped employee engaged in service work.

38.    Restaurant employers in Connecticut may only take a tip credit if the employee was actually performing service duties and receiving gratuities.

39.    Non-service work that does not earn tips (*i.e.* side-work such as rolling silverware or cleaning the restaurant) must be paid for at the full minimum wage, but if the times are properly separated on an employee's time card, a tip credit can be taken on the "service time" portion of work.

40.    If the employer does not keep a segregated time record, no tip credit can be taken.

## VII.    FAILURE TO PAY THE MINIMUM WAGE TO TIPPED EMPLOYEES AND MISAPPROPRIATION OF TIPS

41.    At any given time, Maine Fish Market employs approximately thirty servers who fall under the category of "tipped employees" pursuant to 29 U.S.C. § 203(t).

42.    Defendants apply a tip credit towards the wages of all tipped employees and pay them the Connecticut tipped minimum wage per hour, which as of January 1, 2017 is a minimum of $6.38 per hour for servers.

43.    Defendants established and imposed a tip pool upon servers, requiring them to give ten percent of their daily lunch shift tips and fifteen percent of their daily dinner shift tips to Defendant Vamvilis.

44.    Vamvilis should not receive any share from the tip pool inasmuch as he is an "employer" within the meaning of the FLSA and CMWA.

45.    At the end of each shift, Plaintiffs, and all other servers, tallied up the total cash and credit card tips they earned and calculated the amount of those tips to be paid back to Defendants, based on the applicable percentage (ten percent for lunch, fifteen percent for dinner). Servers were required to write the amount on a piece of paper that was then given to Defendants.

The tip out amount was then deducted from the tip payment each server received from Defendants.

46.    The tips retained by Defendants were not distributed to other employees as part of a lawful tip pool.

47.    Defendants also required all servers to do one to two hours of side-work each night at the end of their shifts.

48.    Servers were assigned different tasks each night after the restaurant closed, including: cleaning the dessert case, vacuuming, rolling silverware, cleaning the soda station, cleaning the bathrooms, and cleaning the salad station. The nightly assignments were posted in an area between the salad bar and one of the walk-in coolers in the restaurant near the end of the evening.

49.    Servers were not paid at the full minimum wage for the time spent doing side-work, which was exclusively non-service, non-tipped work.

50.    The time spent doing side-work was not segregated on the servers' timecards or paystubs.

51.    Because Defendants unlawfully retained tips and failed to segregate the time servers spent doing non-tipped work, they are not entitled to reduce the minimum wage of the servers employed by Maine Fish Market by applying the tip credit allowance available under the FLSA and CMWA.

52.    Defendants deprived Plaintiffs, the FLSA Collective, and the CMWA Rule 23 Class of their statutory minimum wages under the FLSA and the CMWA.

**VIII.    UNLAWFUL DEDUCTIONS AND UNIFORMS**

53.     The CMWA prohibits employers from making deductions from employee wages, except for those permitted by law.

54.     Defendants regularly required Plaintiffs and the CMWA Rule 23 Class to cover the cost of overhead expenses, such as for customer walkouts.

55.     Plaintiffs and the CMWA Rule 23 Class are also required to wear a specific uniform while working for Defendants.

56.     Specifically, they are required to purchase t-shirts and aprons from Defendants bearing a Maine Fish Market logo.

57.     The shirts to be worn by servers during the lunch shift cost sixteen dollars and the shirts to be worn during the dinner shift cost twenty-two dollars.  Aprons cost twelve dollars each.

58.     For example, Plaintiff Messeck purchased approximately three dinner shift shirts and two lunch shift shirts, costing her a total of approximately ninety-eight dollars ($98).

59.     Plaintiff Katulka purchased approximately four dinner shift shirts and one lunch shift shirt, costing him a total of approximately one-hundred four dollars ($104).

60.     Defendants did not reimburse Plaintiffs, or any other servers, for the payments and expenses of purchasing uniform items, nor did Defendants take those expenses into account in determining whether the servers earned the minimum wage.

61.     The payments and expenses were primarily for the benefit and convenience of Defendants and operated as *de facto* deductions from servers, bartenders, hosts, and busboys' wages, causing them to earn less than the minimum wage.

**COUNT ONE**
**Fair Labor Standards Act – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

62.   Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

63.   The FLSA requires that employers pay employees a minimum wage for all weekly hours worked up to forty.

64.   Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiffs and the FLSA Collective.

65.   The minimum wage provisions set forth in the FLSA, 29 U.S.C.  §§ 201, et seq. and the supporting federal regulations, apply to Defendants.

66.   Defendants failed to pay Plaintiffs and members of the FLSA Collective the wages to which they were entitled under the FLSA.

67.   Defendants willfully failed to pay Plaintiffs and the FLSA Collective at least the federal minimum wage for all hours worked in workweeks where *de facto* deductions drove Plaintiffs' and the FLSA Collective's wages below the required minimum wage in violation of the FLSA, 29 U.S.C. § 206.

68.   Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

      a.  Defendants were required to but failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

      b.  Defendants withheld up to fifteen percent of the tips belonging to Plaintiffs and the FLSA Collective, and made other unlawful deductions, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

69.   Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

70.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA

Collective suffered damages by being denied minimum wages in accordance with the FLSA in

amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other

compensation pursuant to 29 U.S.C. § 216(b).

**COUNT TWO**
**Connecticut Minimum Wage Act – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiffs and the CMWA Rule 23 Class)**

71.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

72.    The CMWA requires that employers pay employees a minimum wage for all

hours worked weekly up to forty.

73.    Defendants failed to pay Plaintiffs and the CMWA Rule 23 Class the minimum

wages to which they were entitled to under the CMWA.

74.    Defendants have willfully violated the CMWA by knowingly and intentionally

failing to pay Plaintiffs and the CMWA Rule 23 Class the minimum hourly wage.

75.    Defendants willfully failed to pay Plaintiffs and the CMWA Rule 23 Class at least

the minimum hourly wage for all hours worked.

76.    As a result of Defendants' violations of the CMWA, Plaintiffs and the CMWA

Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of

the action, liquidated damages and pre-judgment and post-judgment interest.

**COUNT THREE**
**Connecticut Common Law – Unjust Enrichment**
**(Brought on behalf of Plaintiffs and the CMWA Rule 23 Class)**

77.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

78.    Defendants failed to pay monies owed and owing to Plaintiffs and the CMWA Rule 23 Class for wages, tips, and deductions.

79.    Defendants have been unjustly enriched by this failure and justice requires that Defendants pay Plaintiffs and the CMWA Rule 23 Class for such monies owed and owing.

80.    Due to Defendants' willful violations of the Connecticut common law, Plaintiffs and the CMWA Rule 23 Class are entitled to restitution.

**COUNT FOUR**
**Connecticut Labor Law – Statutory Theft**
**(Brought on behalf of Plaintiffs and the CMWA Rule 23 Class)**

81.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

82.    Plaintiffs and the CMWA Rule 23 Class were required to give Defendants a percentage of the gratuities they earned each day.

83.    Defendants wrongfully appropriated tips from the CMWA Rule 23 Class.

84.    The tips retained by Defendants belonged to Plaintiffs and the CMWA Rule 23 Class.

85.    Defendants are liable for statutory theft.

86.    Due to Defendants' willful violations, Plaintiffs and the CMWA Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions and/or payments, and treble damages under Conn. Gen. Stat. § 52-564.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, and the Rule 23 Classes, respectfully request a JURY TRIAL and request that this Court enter a judgment:

a.    authorizing the issuance of notice at the earliest possible time to all servers who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at the Maine Fish Market Restaurant.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.    declaring that Defendants violated the minimum wage and tip pool provisions of the FLSA, the Connecticut Labor Law, and supporting Connecticut Department of Labor Regulations;

c.    declaring that Defendants violated the unlawful deductions provisions of the CMWA;

d.    declaring that Defendants' violations were willful;

e.    certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

f.    designating Plaintiffs as representatives of the Rule 23 Classes and counsel of record as Class Counsel;

g.    awarding Plaintiffs, the FLSA Collective, and the Rule 23 Classes damages for unpaid minimum wages;

   h. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Classes damages for unauthorized deductions;

   i. granting judgment in favor of Plaintiffs, the FLSA Collective, and the Rule 23 Classes for compensatory damages due to Defendants' unjust enrichment;

   j. granting judgment in favor of Plaintiffs, the FLSA Collective, and the Rule 23 Classes and treble damages for statutory theft under Conn. Gen. Stat. § 52-564;

   k. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Classes liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the CMWA;

   l. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Classes reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant the FLSA and the CMWA; and

   m. such other and further relief in law or equity as the Court deems just and proper.

      PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF
      ALL SIMILARLY SITUATED INDIVIDUALS

   By: _____

      William G. Madsen (ct 09853)
      Madsen, Prestley & Parenteau, LLC
      402 Asylum Street
      Hartford, CT 06103
      (860) 246-2466
      wmadsen@mppjustice.com